# In the United States Court of Federal Claims

No. 19-847C
(Filed under seal January 3, 2020)
(Reissued January 14, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *  *
                                    *
                                    *
HARMONIA HOLDINGS GROUP,            *
LLC,                                *
                                    *
                                    *
            Plaintiff,              *
                                    *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant,              *
                                    *
     and                            *
                                    *
TRILLION TECHNOLOGY                 *
SOLUTIONS, INC.                     *.
                                    *
            Defendant–Intervenor.   *
                                    *
                                    *
* * * * * * * * * * * * * * * * *  *
```

## ORDER

For the reasons stated on the record during yesterday's status conference, plaintiff's motion for judgment on the administrative record is **GRANTED**, and the cross-motions for judgment on the administrative record brought by defendant and intervenor are **DENIED**.  In sum, the Court found two aspects of the government's price realism analysis to have been arbitrarily determined.

First, the moderate-high cost risk assigned to plaintiff Harmonia Holdings Group, LLC (Harmonia), was, in part, based on the mistaken belief that firm fixed price line items constituted a majority of the total price.  *See* Admin. R. (AR) 954.  This was neither true for Harmonia's proposal, *see* AR 654, nor for the government's independent estimate, *see* AR 953.  Second, although the Cost

Evaluation Team found that the small number of hours proposed by intervenor Trillion Technology Solutions, Inc. (Trillion) to perform three of the twenty tasks resulted in an elevated inability to meet those requirements, AR 952, this finding was not considered in the assignment of moderate cost risk to Trillion, *see* AR 955, nor in the source selection decision, *see* AR 964–71.  The agency thus "entirely failed to consider an important aspect of the problem" presented by this procurement.  *Ala. Aircraft Indus., Inc.-Birmingham v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The Court found these two arbitrary aspects of the price realism analysis to have been prejudicial to Harmonia, costing it a substantial chance of receiving this Federal Supply Schedule award.  The lost potential profits are by their nature irreparable.  *See MORI Assocs., Inc. v. United States*, 102 Fed. Cl. 503, 552 (2011).  No countervailing harm has been identified, and the public interest is served when arbitrary contract awards are enjoined.  *See Univ. Research Co. v. United States*, 65 Fed. Cl. 500, 515 (2005).   Plaintiff has thus demonstrated that a permanent injunction is warranted.  *See Centech Grp., Inc. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009).

Accordingly, **IT IS ORDERED** that the United States, including the Department of Commerce, its Contracting Officer, and its other officers, agents, servants, employees, and representatives, and all other persons acting in concert and participating with them respecting the procurement under RFQ1306735, are PERMANENTLY RESTRAINED AND ENJOINED from permitting performance of the award to Trillion.

Further, **IT IS ORDERED** that the United States, including the Department of Commerce, its Contracting Officer, and its other officers, agents, servants, employees, and representatives, and all other persons acting in concert and participating with them respecting the procurement under RFQ1306735 are hereby PERMANENTLY RESTRAINED AND ENJOINED from awarding a task order under RFQ1306735 or allowing any contractor to perform under any task order under RFQ1306735 until a revised cost evaluation and source selection are performed addressing the errors noted in the Court's January 2, 2020 opinion.

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge
